IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-288-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| LIONEL LAMONT COX, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. The defendant presented the testimony of the proposed third-party custodian, his aunt, and the general manager of the company for which he works. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a two-count indictment on 29 August 2012 with: possession of a firearm by a felon and aiding and abetting the same on or about 14 May 2012 (ct. 1) and 27 June 2012 (ct. 2) in violation of 18 U.S.C. §§ 922(g)(1), 924, and 2. The evidence presented at

the hearing showed that the charges arise from two controlled purchases of two pistols by a confidential informant from defendant. While the confidential informant initiated the first transaction, the second transaction began with defendant calling the confidential informant to see if he wanted to purchase a pistol. Defendant also told the confidential informant he needed to act quickly because defendant had to go to his attorney's office. The transactions occurred at defendant's place of work. Assisting defendant with both transactions was a convicted felon. At the time of the transactions, defendant was on parole for second-degree murder, to which he had pled guilty and for which he had been given a life term.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including defendant's trafficking in the firearms at issue (as opposed to passively possessing them), his involvement with another convicted felon in carrying out the transactions, and his initiation of the second transaction; defendant's criminal record, including his murder conviction and a misdemeanor conviction (albeit over 20 years ago) for possession of a pistol on school grounds; the danger of continued offense conduct by defendant if released; the prison term defendant faces if convicted; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's work schedule and the extent of the risk of danger and flight presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's history of employment (which testimony showed may be terminated as a result of the charges against him).

2
Case 5:12-cr-00288-FL   Document 17   Filed 09/12/12   Page 2 of 3

The court finds, however, that the factors favoring detention strongly outweigh such evidence. Of particular significance is the flagrant disregard by defendant, a convicted murderer, of the terms of his parole, a status somewhat analogous to pretrial release, by engaging in firearms trafficking with another convicted felon.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 11th day of September 2012.

_____
James E. Gates
United States Magistrate Judge