IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-288-FL-1
5:15-CV-00571-FL

| | | |
|---|---|---|
| LIONEL LAMONT COX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On October 28, 2015, petitioner, a federal inmate, filed the instant *pro se* motion to vacate, set aside, or to correct his sentence pursuant to 28 U.S.C. § 2255 raising ineffective assistance of trial and appellate counsel claims. Petitioner also alleged that he is actually innocent of his convictions pursuant to the United States Supreme Court's ruling in Rosemond v. United States, 134 S. Ct. 1240 (2014). The matter now is before the court on respondent's motion to dismiss petitioner's § 2255 petition (DE 130), which was fully briefed. Also before the court are petitioner's motion to appoint counsel (DE 136) and pleading captioned "Motion for Leave to Resubmit Timely Filed, but Unreceived, Pro Se Pleadings" (DE 137), which the court construes as a motion to amend his § 2255 petition.

The court begins with petitioner's motion to appoint counsel, filed on May 11, 2016. In his motion, petitioner requests that the court appoint him counsel to represent him with his claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). The next day, attorney Scott L. Wilkinson entered a notice of appearance as counsel of record for petitioner. Because petitioner now is represented by counsel to pursue his Johnson claim, his motion to appoint counsel is

DENIED as MOOT. Attorney Scott L. Wilkinson has 45 days from the date of this order to file any supplemental briefing regarding petitioner's Johnson claim.

The court now turns to petitioner's motion to amend his original § 2255 petition. For good cause shown, petitioner's motion is GRANTED.[1] See Fed. R. Civ. P. 15(a). Because the court granted petitioner's motion to amend, respondent's pending motion to dismiss is DENIED as MOOT. In an effort to promote judicial economy, petitioner's *pro se* § 2255 is held in ABEYANCE until petitioner's Johnson claim is resolved.

In summary, the court rules as follows:

(1) Petitioner's motion to appoint counsel (DE 136) is DENIED as MOOT;

(2) Attorney Scott L. Wilkinson has 45 days from the date of this order to file any supplemental briefing regarding petitioner's Johnson claim;

(3) Petitioner's motion to amend (DE 137) is GRANTED, and respondent's motion to dismiss (DE 130) is DENIED as MOOT.

(4) Petitioner's *pro se* § 2255 petition is held in ABEYANCE until petitioner's Johnson claim is resolved.

SO ORDERED, this the 20th day of May, 2016.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his amended § 2255 petition, dated February 8, 2016, but filed on May 11, 2016, to be filed on February 8, 2016. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).