IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-288-FL-1
No. 5:15-CV-571-FL

| | | |
|---|---|---|
| LIONEL LAMONT COX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, as corrected and amended. (DE 126, 150). Also before the court is the government's motion to dismiss. (DE 157). The issues raised are ripe for ruling. For the reasons that follow, this court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On August 29, 2012, petitioner was charged on two counts of possession of a firearm by a felon and aiding and abetting a co-defendant, Neville Ward ("Ward"), in the commission of the same offense, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2. Petitioner pleaded not guilty on November 16, 2012. Following a two-day trial, on February 14, 2013, the jury returned a verdict of guilty on both counts. On May 9, 2013, the court sentenced petitioner to a total of 200 months imprisonment.[1] Petitioner appealed, and the Court of Appeals for the Fourth Circuit affirmed the judgment of the court. United States v. Cox, 591 F. App'x 181 (4th Cir. 2014). Petitioner filed a

---

[1] Petitioner was sentenced to 100 months on each count to be served consecutively.

petition for certiorari in the Supreme Court, but it was denied on March 9, 2015. Cox v. United States, 135 S. Ct. 1538 (2015).

On October 28, 2015, petitioner filed the instant § 2255 motion. After filing his petition, petitioner requested, and was allowed, to amend his petition, deemed filed as of February 8, 2016.[2] In these filings, petitioner alleges ineffective assistance of trial and appellate counsel and argues that he is innocent of the aiding and abetting conviction because the evidence failed to satisfy the requirements for aiding and abetting liability under Rosemond v. United States, 134 S. Ct. 1240 (2014). On April 13, 2017, at the direction of the court, petitioner filed additional supplemental memorandum, arguing ineffective assistance of trial and appellate counsel for failure to raise a claim based on Johnson v. United States, 135 S. Ct. 2551 (2015) and, that in light of Johnson, petitioner's sentence under the sentencing guidelines had been incorrectly calculated. The government filed a motion to dismiss petitioner's first § 2255 motion on December 9, 2015 and motion to dismiss petitioner's amended § 2255 motion on July 11, 2017, arguing that petitioner has failed to state a claim for ineffective assistance of counsel under the applicable two-prong analysis in Strickland v. Washington, 466 U.S. 668 (1984) and failed to state a claim for relief as to actual innocence. Additionally, the government responded to petitioner's supplemental briefing regarding Johnson, arguing again that petitioner failed to state a claim for ineffective assistance of counsel under

---

[2] The court held in its May 20, 2016 order, in part granting petitioner's motion to amend, that petitioner's amended § 2255 petition, dated February 8, 2016, but filed on May 11, 2016, was deemed to be filed on February 8, 2016. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

Strickland and that the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017) precluded petitioner's ability to use Johnson to challenge the constitutionality of his sentence.[3]

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

1.  Ineffective Assistance of Counsel

Petitioner has raised nine claims of ineffective assistance of counsel.[4] In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland, 466 U.S. at 687. Under the first prong, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of

---

[3] The government's December 9, 2015 motion to dismiss was denied as moot on May 20, 2016, with the court holding in abeyance petitioner's case until petitioner's Johnson claims were resolved. (DE 139). The court directed the government to respond regarding petitioner's Johnson claim, and the government requested the case stayed pending the resolution of the Supreme Court's decision in Beckles, which the court granted on August 31, 2016. On March 16, 2017, the court lifted the stay in this case subsequent to the issuance of the Court's decision in Beckles.

[4] Petitioner additionally argues multiple Rosemond-based ineffective assistance of counsel claims, which the court address below.

3

hindsight." Id. at 689.  Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.  The second prong requires a petitioner to show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

First, petitioner alleges that trial counsel was ineffective in failing to investigate whether the firearms at issue were firearms for purposes of 18 U.S.C. §921(a)(3)(A). (DE 126 at 7).  However, trial testimony established that the items transferred to the informant in the case were firearms. (DE 114 at 123-26; DE 115 at 23-27).  Although the firearm acquired on June 27, 2012, was found to have a broken firing pin (DE 115 at 24), the firearm still satisfied the definition of a firearm under the statute at issue. See  18 U.S.C. § 921(a)(3)(A) (defining a firearm as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive"); (see also DE 115 at 24 (officer testifying that "[a]nyone with knowledge . . . could have that weapon in working order in just a few minutes").  As a result, counsel was not ineffective in not further investigating this issue, and petitioner's argument fails the first prong of Strickland.

Second, petitioner alleges that the government failed to disclose certain information before trial concerning the government's main witness, a paid informant, that prevented effective preparation for cross-examination of that witness. (See DE 126-2 at 1, ¶ 3).  The information not disclosed referenced by petitioner concerns the paid informant's history of being a paid informant. The record reveals that defense counsel thoroughly addressed this issue on cross examination, showing the informant was paid a significant amount of money over a relatively lengthy period of

time to act as an informant. (DE 114 at 110-14). As a result, this argument fails both prongs of Strickland.

Third, petitioner alleges that he informed counsel that he did not "possess the firearm and that the videos were altered and the videos never show me actually possessing the firearm and this was entrapment." (DE 126-2 at 1, ¶ 4). Petitioner offers no other details as to how the videos were altered. Additionally, petitioner has not shown that counsel's decision to not pursue an entrapment defense fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."). Finally, petitioner does not show that had counsel objected to the video or offered an entrapment defense, the result of the proceeding would have been different. Therefore, this argument fails both prongs of Strickland.

Fourth, petitioner alleges that trial counsel "tried to coerce (him) to plea guilty to 15 to Life for Armed Career Criminal without doing an investigation of the Statute in this case." (DE 126-2 at 2, ¶ 5). Whether true or not, because petitioner pleaded not guilty and proceeded to trial, petitioner cannot establish prejudice.

Fifth, petitioner challenges the representation made by the government's informant that petitioner gave a firearm to the informant in a gym bag and argues that counsel should have interviewed or subpoenaed Ward to challenge informant's story. (DE 126-2 at 2, ¶ 7). More specifically, petitioner alleges that trial counsel "knew (he) did not possess the firearms" based on paragraph 3 of an interview of Ward while Ward was in custody. (Id. at 2, ¶ 6). Paragraph 3 of the interview notes, in pertinent part, that on or about May 14, 2012, "WARD stated that COX, WARD, and the Haitian male were in a back room at the Xpress Lube and WARD sees a firearm on the sink.

5

WARD did not see any money transfer hands but the Haitian male left with the firearm." (Id. at 5, ¶ 3).[5]

The evidence at trial, however, included video of a hand-to-hand transaction that a detective testified as between petitioner and the informant. (DE 114 at 125-26; 129-30). The transaction involved a gym bag that contained a firearm. (Id. at 125-27). Counsel challenged the government's case as to petitioner's possession of the firearms and challenged the detectives observations on cross-examination. (DE 114 at 127-31; DE 115 at 120-35). Given this information, counsel acted within his discretion in not bringing Ward to trial. Petitioner also has not sufficiently alleged the required prejudice.

Sixth, petitioner alleges that counsel should have moved to suppress a still image from the surveillance video of Petitioner. (DE 126-2 at 2, ¶ 8). Petitioner, however, has not explained on what basis counsel should have moved to suppress the image and has not sufficiently alleged prejudice. Therefore, this argument fails both prongs of Strickland.

Seventh, petitioner alleges that counsel allowed an "All White Jury" to be seated and did not inform the court that jurors were "inattentive and sleeping." (DE 126-2 at 2, ¶ 9). As to the all-white jury allegation, petitioner has not alleged with specificity what defect existed in the way the jury was selected nor has petitioner pointed out to the court any procedure that resulted in an under representation of non-white jurors. Similarly, petitioner has offered no details to the court as to which juror was sleeping and when or whether the juror was asleep during a particular witness or argument. Petitioner's allegations are conclusory and insufficient. Petitioner also has not alleged the required prejudice under Strickland.

---

[5] Petitioner attached the interview referenced to his affidavit. (DE 126-2 at 5-6).

Eighth, petitioner alleges that trial counsel "refused to allow (him) to testify but stipulated with the government" that petitioner was a felon. (DE 126-2 at 2-3, ¶ 10). Petitioner's first claim suggests that he was unable to offer testimony. The court, however, expressly asked petitioner if he did not wish to present evidence, and petitioner answered in the affirmative. (DE 115 at 101-02). Thus, petitioner was given the chance to offer evidence and declined to do so. As to the second claim, such a stipulation was reasonable given that petitioner was a convicted felon at the time of the instant offenses. (DE 86 at 5, ¶ 13). Although petitioner argues that this decision was not discussed with him, petitioner offers no evidence to support his position and does not show that had his attorney not stipulated to petitioner being a felon, the outcome of his trial would have been different.

Ninth, petitioner's final allegation is that trial counsel's individual errors cumulatively prejudiced him. (DE 126-2 at 3, ¶ 11). As petitioner's individual claims of ineffective assistance fail, his cumulative claim likewise fails.

    2.    <u>Rosemond</u> Claim

Petitioner argues that he is actually innocent of the charge of aiding and abetting following the Supreme Court's decision in <u>Rosemond</u>. The Supreme Court in <u>Rosemond</u> held that in order to aid and abet a § 924(c) offense, using or carrying a gun in connection with a drug trafficking crime, a defendant must have advanced knowledge that a firearm will be used or carried. <u>Rosemond</u>, 134 S. Ct. at 1243. In light of <u>Rosemond</u>, petitioner argues that the government was required and failed to prove that petitioner had actual knowledge that Ward was a felon and therefore petitioner could not be guilty of the charge of aiding and abetting possession of a firearm by a felon under § 922(g). Petitioner additionally argues that his claim was not properly challenged or preserved because of

ineffective assistance of both his trial and appellate counsel. The two arguments are intertwined and both lack merit.

First, Rosemond was decided after petitioner was sentenced, and this court and others have determined that Rosemond does not apply retroactively to cases on collateral review. See Beale v. Andrews, No. 5:14–HC–2064–FL, 2015 WL 4066565, at *3 (E.D.N.C. July 2, 2015) (holding that Rosemond is not retroactive); Bey v. Hollenback, No. 5:14-HC-2016-FL, 2015 WL 859575, at *3 (E.D.N.C. Feb. 27, 2015) (same), aff'd 616 Fed. Appx. 125 (4th Cir. 2015); Barnes v. United States, No. 5:09-CR-00158-F3, 2016 WL 3453648, at *4 (E.D.N.C. June 20, 2016) (same); Kerr v. United States, No. 5:08-CR-302-F-1, 2016 WL 958202, at *3 (E.D.N.C. Mar. 8, 2016) (same); Whitener v. United States, No. 3:14-CV-00600-MOC, 2014 WL 6808789, at *2 (W.D.N.C. Dec. 2, 2014); but see Moya v. United States, No. 1:09CR329-1, 2017 WL 1155049, at *6 n.6 (M.D.N.C. Mar. 27, 2017) (noting courts have disagreed whether Rosemond applies retroactively and collecting cases).

Second, on appeal, the Fourth Circuit directly addressed petitioner's argument as to the prior knowledge requirement under § 922(g) and did not find that petitioner had to have actual knowledge that Ward was a felon in order to be guilty of the charge of aiding and abetting under § 922(g). See Cox, 591 F. App'x at 186. Instead, the court found that neither the Fourth Circuit nor the Supreme Court has addressed this issue and other circuit courts are not in accord. See id. (comparing United States v. Gardner, 488 F.3d 700, 716 (6th Cir. 2007) (requiring the government to establish the defendant "knew or had cause to know of" the principal's status as a felon), and United States v. Xavier, 2 F.3d 1281, 1286–87 (3d Cir. 1993) (requiring the government to establish the defendant "knew or had cause to believe" the principal was a convicted felon), with United States v. Canon, 993 F.2d 1439, 1442 (9th Cir. 1993) (stating that the government did not have to prove that the

8

alleged aider and abettor knew the principal was a felon)). The Fourth Circuit upheld this court's jury instructions that did not specifically require a finding that petitioner knew Ward was a convicted felon as not clearly erroneous. Id.[6]

Third, even if Rosemond applied retroactively to § 922(g) claims, petitioner has procedurally defaulted this claim. Generally, "claims not raised on direct appeal may not be raised on collateral review" and are thus procedurally defaulted. Massarro v. United States, 538 U.S. 500, 504 (2003). A procedural default, however, may be excused where the petitioner demonstrates "cause and actual prejudice" or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998) (interior citations omitted). Here, petitioner has demonstrated neither.

Petitioner has not shown that "it is more likely than not that no reasonable juror would have convicted him," a necessary showing to demonstrate "actual innocence." Id. at 623 (interior citation omitted). The government offered sufficient evidence that a jury could conclude that petitioner had advance knowledge that Ward was a convicted felon. Although petitioner's counsel argued to the jury that the government failed to show that petitioner "knowingly sought that a felon would be in possession of a firearm," (DE 115 at 130), the government offered witness evidence that Ward was petitioner's cousin and that in parallel litigation Ward, as petitioner's co-defendant, pleaded guilty to the same charges facing petitioner and had stipulated to Ward's status as a felon. (Id. at 135). A reasonable juror could conclude because of petitioner's familial relationship with Ward, because of their shared experience selling firearms, and because Ward stipulated to being a felon, petitioner had previous knowledge of Ward's felon status.

---

[6] The court notes that to the extent petitioner challenges the court's jury instructions, absent a change in the law, a petitioner cannot relitigate in collateral proceedings an issue that has been rejected on direct appeal. See United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (explaining that a defendant cannot relitigate issues previously rejected on direct appeal)).

Petitioner's numerous arguments regarding ineffective assistance of counsel based on petitioner's Rosemond claims are equally without merit. Petitioner argues that 1) trial counsel failed to object to the jury instructions given, 2) trial counsel failed to object that the court did not use petitioner's jury instructions, 3) trial counsel failed to object to any jury instructions regarding the aiding and abetting charge, 4) appellate counsel failed to argue trial counsel's ineffectiveness on appeal, and 5) appellate counsel failed to raise Rosemond issues on appeal.[7]

Regarding arguments one through three, counsel was not ineffective for failing to object to jury instructions that have been upheld by the Fourth Circuit or for failing to raise an argument, that petitioner should have known that Ward was a convicted felon, that the Fourth Circuit had not yet addressed. See Cox, 591 F. App'x at 186 ("Neither this Court nor the Supreme Court has addressed the issue whether the government must prove that a defendant charged with aiding and abetting under Section 922(g) was aware that the principal actor is a convicted felon.").[8] Because trial counsel was not ineffective, the court finds that petitioner's argument that appellate counsel should have raised trial counsel's ineffectiveness on appeal also without merit. See United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994) (holding that ineffectiveness must "conclusively appear in the trial record itself") (internal quotation omitted).

Regarding argument five, because Rosemond does not address a § 922(g) offense and because the Fourth Circuit directly recognized the unsettled state of the law, petitioner cannot show

---

[7] Because the court determines that petitioner's claims are without merit, it is unnecessary to address the government's alternative argument that even if petitioner is correct about aiding and abetting liability, the evidence offered was sufficient to establish that petitioner actually possessed the firearms charged in counts one and two of the indictment. (See DE 131 at 7-8; see also Indictment (DE 1) (showing count one and count two of the indictment as alleging aiding and abetting in addition to possession of a firearm by a felon)).

[8] The court also does not find petitioner's argument that counsel was ineffective for failing to argue against any aiding and abetting instruction unavailing. Both counts against petitioner containing aiding and abetting charges proceeded to the jury and some form of instruction was to be given.

his counsel's representation "fell below an objective standard of reasonableness" for failing to raise Rosemond on appeal. See Strickland, 466 U.S. at 688. Additionally, appellate counsel raised the core of this claim by arguing that the government had to show that petitioner knew that Ward was a convicted felon.

In sum, petitioner has not shown that counsels' performance fell below an objective standard of unreasonableness because his Rosemond arguments lack merit, as stated above, and petitioner cannot show a reasonable probability that had such arguments been raised, the result of his trial or appeal would have been different. Therefore, petitioner's Rosemond claim and associated ineffective assistance of counsel claims must be dismissed.

3. Johnson Claim

Petitioner argues that the court should apply the Supreme Court's decision in Johnson and find that his status as "career offender" under the sentencing guidelines is no longer correct in that his prior conviction for North Carolina second-degree murder no longer qualifies as a crime of violence under § 4B1.2(a)'s residual clause.[9]

In Johnson, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a "violent felony" for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in Johnson held that "[i]ncreasing a defendant's sentence

---

[9] Petitioner's argument that failure of counsel to raise this argument denied petitioner due process of law is unavailing. Petitioner was sentenced on May 9, 2013. The Fourth Circuit rendered its order as to petitioner's appeal on November 6, 2014. The Supreme Court did not decide Johnson until June 26, 2015. Counsel could not have raised this argument at either the trial or appellate level. See United States v. McNamara, 74 F.3d 514, 516–17 (4th Cir.1996); Honeycutt v. Mahoney, 698 F.2d 213, 217 (4th Cir.1983).

under the [residual] clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court later decided Welch v. United States, 136 S. Ct. 1257, 1268 (2016), which held that Johnson applies retroactively to cases on collateral review.

Petitioner relies on Johnson's reasoning to challenge application of a clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing.[10] See U.S.S.G. § 2K2.1, cmt. n.1 (stating § 4B1.2(a) provides the definition for "crime of violence" in § 2K2.1). The Supreme Court held in Beckles, however, that "the Guidelines are not amenable to a vagueness challenge." 137 S. Ct. at 886. Petitioner may not rely on Johnson's reasoning to attack his guidelines calculation. Consequently, petitioner's Johnson claim must be dismissed.

B.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, this court DISMISSES petitioner's motion to vacate (DE 126, 150) and GRANTS the government's motion to dismiss (DE 157). This court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

---

[10] The definition of "crime of violence," revised August 1, 2016, no longer contains a residual clause.

SO ORDERED, this the 8th day of November, 2017.

                                                                      _____
                                                                      LOUISE W. FLANAGAN
                                                                   United States District Judge