IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-288-FL-1
No. 5:15-CV-571-FL

| | | |
|---|---|---|
| LIONEL LAMONT COX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, as corrected and amended. (DE 126, 150). Also before the court are the government's motion to dismiss and petitioner's motion to expedite and for status (DE 174, 177, 179). The issues raised are ripe for ruling. For the reasons that follow, this court denies petitioner's motions and grants the government's motion to dismiss.

## BACKGROUND

On August 29, 2012, petitioner was charged on two counts of possession of a firearm by a felon and aiding and abetting a co-defendant, Neville Ward ("Ward"), in the commission of the same offense, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2. Petitioner pleaded not guilty on November 16, 2012. Following a two-day trial, on February 14, 2013, the jury returned a verdict of guilty on both counts. On May 9, 2013, the court sentenced petitioner to a total of 200 months imprisonment.[1] Petitioner appealed, and the Court of Appeals for the Fourth Circuit affirmed the judgment of the court. United States v. Cox, 591 F. App'x 181 (4th Cir. 2014). Petitioner filed a

---

[1] Petitioner was sentenced to 100 months on each count to be served consecutively.

petition for certiorari in the Supreme Court, but it was denied on March 9, 2015. Cox v. United States, 135 S. Ct. 1538 (2015).

On October 28, 2015, petitioner filed § 2255 motion. After filing his petition, petitioner requested, and was allowed, to amend his motion, deemed filed as of February 8, 2016.[2] The government filed motion to dismiss petitioner's initial § 2255 motion on December 9, 2015 and motion to dismiss petitioner's amended § 2255 motion on July 11, 2017.[3]

On November 8, 2017, the court denied petitioner's § 2255 motion and amended motion and granted the government's July 11, 2017 motion to dismiss, dismissing petitioner's nine claims of ineffective assistance of counsel as well as other claims. Petitioner appealed, and the Fourth Circuit dismissed the appeal as interlocutory, remanding to the court for consideration of defendant's ineffective assistance claim the court failed to address, that "trial counsel was ineffective for failing to move for a judgment of acquittal on the aiding and abetting charges on the ground that (a) the Government had the burden of proving beyond a reasonable doubt that [defendant] knew his codefendant Neville Ward, was a convicted felon, and (b) that no reasonable juror could find that the Government had met its burden as to that element." United States v. Cox, 718 F. App'x 216 (4th Cir. 2018). The Fourth Circuit additionally "express[ed] no opinion regarding the merits of [defendant's] claim." Id. On June 4, 2018, the Fourth Circuit issued mandate.

Following issuance of scheduling order, the government filed the instant motion to dismiss on June 13, 2018, to which petitioner filed response on June 27, 2018. Additionally pending before

---

[2] The court held in its May 20, 2016 order, in part granting petitioner's motion to amend, that petitioner's amended § 2255 petition, dated February 8, 2016, but filed on May 11, 2016, was deemed to be filed on February 8, 2016. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

[3] The government's December 9, 2015 motion to dismiss was denied as moot on May 20, 2016. (DE 139).

2

the court is petitioner's motion to expedite, filed June 27, 2018, and motion for status, filed October 22, 2018.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong requires a petitioner to show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner's claim fails both prongs of the Strickland test. First, trial counsel cannot be ineffective for failing to move for judgment of acquittal on an issue the Fourth Circuit and Supreme Court has not yet addressed and where other circuits are not in consensus. As stated by this court in its previous order dismissing petitioner's claims:

> . . . on appeal, the Fourth Circuit directly addressed petitioner's argument as to the prior knowledge requirement under § 922(g) and did not find that petitioner had to have actual knowledge that Ward was a felon in order to be guilty of the charge of aiding and abetting under § 922(g). See Cox, 591 F. App'x at 186. Instead, the court found that neither the Fourth Circuit nor the Supreme Court has addressed this issue and other circuit courts are not in accord. See id. (comparing United States v. Gardner, 488 F.3d 700, 716 (6th Cir. 2007) (requiring the government to establish the defendant "knew or had cause to know of" the principal's status as a felon), and United States v. Xavier, 2 F.3d 1281, 1286–87 (3d Cir. 1993) (requiring the government to establish the defendant "knew or had cause to believe" the principal was a convicted felon), with United States v. Canon, 993 F.2d 1439, 1442 (9th Cir. 1993) (stating that the government did not have to prove that the alleged aider and abettor knew the principal was a felon)). The Fourth Circuit upheld this court's jury instructions that did not specifically require a finding that petitioner knew Ward was a convicted felon as not clearly erroneous. Id.
>
> *****
>
> . . . counsel was not ineffective for . . . failing to raise an argument, that petitioner should have known that Ward was a convicted felon, that the Fourth Circuit had not yet addressed. See Cox, 591 Fed.Appx. at 186 ("Neither this Court nor the Supreme Court has addressed the issue whether the government must prove that a defendant charged with aiding and abetting under Section 922(g) was aware that the principal actor is a convicted felon.").

Cox v. United States, No. 5:12-CR-288-FL-1, 2017 WL 5178035, at *4-5 (E.D.N.C. Nov. 8, 2017), appeal dismissed and remanded, 718 F. App'x 216 (4th Cir. 2018).[4]

---

[4] Because the court determines that petitioner's claims are without merit, it is unnecessary to address the government's renewed and alternative argument that even if petitioner is correct about aiding and abetting liability, the evidence offered was sufficient to establish that petitioner actually possessed the firearms charged in counts one and two of the indictment. (See DE 175 at 75-6; see also Indictment (DE 1) (showing count one and count two of the indictment as alleging aiding and abetting in addition to possession of a firearm by a felon)).

Similarly, given the unsettled nature of the law, petitioner cannot show a reasonable probability that had counsel moved for judgment of acquittal on this issue, the result at his trial would have been different, as required under the second prong of Strikland. Roberson v. United States, No. 5:07-CR-314-FL, 2011 WL 5101573, at *3 (E.D.N.C. Oct. 26, 2011) (". . . counsel cannot be deemed deficient for failing to raise a legal argument that is not supported by governing law. Because there is no binding authority . . . counsel cannot be found ineffective for failing to object to the information on such grounds. Moreover, petitioner cannot show that he was prejudiced from the lack of such objection because, given the unsettled state of the law, he cannot show that any putative motion to dismiss count two would have been granted."); see also Richardson v. Branker, 668 F.3d 128, 142 (4th Cir. 2012) ("the unsettled nature of North Carolina law on this issue precludes a finding that Richardson demonstrated a 'reasonable probability' that he would have prevailed on his direct appeal had his appellate counsel raised the (f)(7) mitigation instruction issue").

B.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, this court DISMISSES petitioner's motion to vacate (DE 126, 150) and GRANTS the government's motion to dismiss (DE 174). The court DENIES AS MOOT petitioner's motion to expedite (DE 177) and motion for status (DE 179). This court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 1st day of November, 2018.

LOUISE W. FLANAGAN
United States District Judge